[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10992

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLARENCE CHRISTOFER WARD,
a.k.a. Khaled Yaqub Mansur-El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cr-00052-TPB-PRL-1

2                          Opinion of the Court                          25-10992

———————————

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Clarence Ward, proceeding *pro se*, appeals from the district court's March 10, 2025 orders denying (1) his motion to suppress evidence obtained from his arrest and (2) his original and amended motions to dismiss the superseding indictment.

We lack jurisdiction over Ward's appeal because, for the following reasons, the district court's March 10, 2025 orders are not final or otherwise appealable.

First, the orders are not final because Ward has not been convicted or sentenced. *See* 28 U.S.C. § 1291 (providing that generally, this Court has jurisdiction to review only "final decisions of the district courts"); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (providing that in a criminal case, the rule of finality generally "prohibits appellate review until conviction and imposition of sentence").

Second, the order denying Ward's motion to suppress evidence is not immediately appealable. *See United States v. Kirk*, 781 F.2d 1498, 1501 n.2 (11th Cir. 1986) (noting that the denial of an interlocutory motion to suppress evidence is not appealable by the defendant).

Lastly, the order denying Ward's original and amended motions to dismiss the superseding indictment is also not immediately appealable under the collateral-order doctrine, given that his motions did not present any argument that the superseding indictment should be dismissed on double jeopardy grounds or under the Speech and Debate Clause of the Constitution. *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (explaining that (1) this Court applies the final judgment rule with "utmost strictness in criminal cases," unless the challenged order falls within the collateral-order doctrine and (2) that the only kinds of pretrial orders in criminal cases that the Supreme Court has stated are important enough to fall within this doctrine implicate an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial); *id.* (explaining that the denial of a motion to dismiss the indictment is immediately appealable by the defendant under the collateral-order doctrine if the motion raises a double jeopardy issue or if the motion is based on the Speech and Debate Clause of the Constitution); *see also Will v. Hallock*, 546 U.S. 345, 350 (2006) ("And we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership.").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.